IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIA DAVILA

    VS.                                                                C.A. NO. 02-8211

BHUPENDRA M. PATEL, M.D.
LEHIGH AVENUE RADIOLOGY ASSOCIATES,
EPISCOPAL HOSPITAL AND
TEMPLE UNIVERSITY HEALTH SYSTEMS
d/b/a EPISCOPAL DIVISION, TEMPLE
UNIVERSITY HOSPITAL

    VS.

UNITED STATES OF AMERICA

MEMO/ORDER

WEINER, J.                                                                                SEPTEMBER 13, 2005

        Presently before the court is the motion of the United States to compel all American College of Radiology ("ACR") reports for the period covering September 1999 or the first report by the ACR thereafter which were generated as a result of inspections performed by the ACR at Episcopal Hospital and/or Temple University Hospital-Episcopal Campus between 1999 and the present. The defendants contend that these reports are protected from disclosure pursuant to the Peer Review Protection Act of Pennsylvania, 63 P.S. Section 425.1 et seq. The government responds that federal, not state law, governs any privilege claims in this matter and since there is no peer review privilege recognized by federal law, the government is entitled to the reports. After hearing argument by telephone, the court makes the following findings and

conclusions:

1. This medical malpractice action was initially commenced by plaintiffs in the Court of Common Pleas of Philadelphia County, then removed to this Court because defendant Milagros Soto, M.D. was an agent and employee of an entity covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. section 2671 et seq.

2. The claims against the United States under the FTCA confers federal question jurisdiction on the Court pursuant to 28 U.S.C. section 1331.

3. Rule 501 of the Federal Rules of Evidence provides as follows:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness .... shall be governed by the principles of common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness... shall be determined in accordance with State law.

4. The FTCA provides that "[t]he United States shall be liable...in the same manner and to the same extent as a private individual under like circumstances..."28 U.S.C. section 2674. Claims against a private individual under like circumstances are governed by the laws of the Commonwealth of Pennsylvania.

5. Nevertheless, the district courts which have reviewed the legislative history of Rule 501 have concluded that Congress intended that federal privilege law apply in FTCA cases. See, Tucker v. United States, 143 F.Supp.2d 619, 623-24 (S.D.Wa. 2001); Young v. United States, 149 F.R.D. 199, 203-04 (S.D.Cal. 1993); (Congress "clearly stated its intent that Rule 501

require[s] application of federal privilege rules when the federal court is absorbing state law as the federal law."); Galarza v. United States, 179 F.R.D. 291, 293 (S.D.Cal. 1998) (Plaintiff brought suit under FTCA and, based on Young, court determined that federal law governed the application of the privilege); Menses v. United States Postal Service, 942 F.Supp. 1320, 1323,1324 (D.Nev. 1996) ("Congress recognized that when federal courts merely adopt state law as federal law, there is no need to apply state law in matters such as the admissibility of evidence and claims of privilege, and that federal privilege law controls. It is only where state law is operative of its own force that state law supplies the rule of decision, and under Rule 501, state privilege law governs."); Syposs v. United States, 179 F.R.D. 406, 411 (W.D.N.Y. 1998) (citing Young), adhered to on reconsideration by Syposs v. United States [Syposs II], 63 F.Supp.2d 301 (W.D.N.Y. 1999).

6. Defendants direct our attention to a decision from another district court in this Circuit which stated in a footnote that because state law applies in determining the negligence of the United States, state law supplies the rule of decision. MacDonald v. United States, 767 F.Supp. 1295, 1298 n.3 (M.D.Pa. 1991). Unlike the aforementioned courts , the Middle District did not perform any analysis regarding the legislative history behind Rule 501 but merely made passing reference to Rule 501 in a brief footnote. Absent a ruling from our Court of Appeals, we elect to follow the more in-depth analysis of the decisions mentioned supra..  We, therefore, find that the privilege issues in this matter are governed by federal privilege law.

7. Defendants do not dispute that the federal common law does not recognize a peer review privilege, but contends that one ought to be recognized. The Supreme Court has

stated that for any privilege to be added to the federal common law, the privilege must promote "sufficiently important interests to outweigh the need for probative evidence." Jaffe v. Redmond, 518 U.S. 1, 8 (1996). We find that it is more appropriate for Congress than for the courts to determine whether the public interest would be served by a medical peer review privilege in federal cases. See, Tucker at 626-27; Syposs at 411.

It is therefore ORDERED that:

The motion of the United States to compel is GRANTED.

Defendants Episcopal Hospital and Temple University Health Systems shall, within 10 days, produce the ACR report referred to by Linda Warwick at her deposition and any other ACR reports covering the period from 1999-2000.

Defendants Episcopal Hospital, Inc. And Temple University Health Systems, Inc. shall, within 10 days, produce all information pertaining to Julia Davila contained in, or retrievable from, their computer systems and shall, if requested by the United States, make available for deposition persons with knowledge of the computer system maintained by Episcopal Hospital, Inc. in the period from 1999-2000.

IT IS SO ORDERED.

_____

CHARLES R. WEINER

Case 2:02-cv-08211-GEKP   Document 97   Filed 09/13/05   Page 5 of 9

Case 2:02-cv-08211-GEKP   Document 97   Filed 09/13/05   Page 6 of 9

Case 2:02-cv-08211-GEKP   Document 97   Filed 09/13/05   Page 9 of 9